Filed 7/11/24  P. v. Ruiz CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDRES RUIZ,<br><br>    Defendant and Appellant. | F086524<br><br>(Super. Ct. No. F20905432)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Franson, Acting P. J., Smith, J. and Meehan, J.

Appellate counsel for defendant Andres Ruiz has filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes a declaration from appellate counsel stating defendant was advised of his right to file a brief of his own with this court. By letter dated April 12, 2024, we also invited defendant to submit additional briefing. Defendant has not filed a response.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural history of the case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL AND FACTUAL SUMMARY

This is the second time this court has addressed the underlying case brought against defendant. In *People v. Ruiz* (F083496),[1] decided by this court last year, we reversed the sentence originally imposed and remanded the matter for the trial court to impose a new sentence. This appeal follows the court's imposition of that new sentence.

The facts of this case occurred over two separate days in August 2020, and were summarized in the opinion issued by this court in the first appeal.[2] Following a jury trial, defendant was convicted of committing corporal injury upon a cohabitant with whom he

---

[1] On this court's own motion, we take judicial notice of our prior opinion in *People v. Ruiz* (Mar. 9, 2023, F083496) [nonpub. opn.] (*Ruiz*), pursuant to Evidence Code sections 452, subdivision (d), and 459. Portions of the procedural and factual summary refer to this prior opinion.

[2] Because the facts have not been put at issue in this second appeal, we rely on the factual summary provided in the original appeal of this matter. (See *Ruiz*, *supra*, F083496, pp. 2–4.)

2

was in a dating relationship (Pen. Code,[3] § 273.5, subd. (f)(1), a felony), forcible rape (§ 261, subd. (a)(2), a felony), dissuading a witness by force or threat (§ 136.1, subd. (c)(1), a felony), and battery (§ 243, subd. (e)(1), a misdemeanor). Defendant was originally sentenced to a term of six years for the forcible rape, a concurrent term of four years for corporal injury, and a full consecutive middle term of three years for dissuading a witness.[4] We reversed the sentence originally imposed by the trial court because of problems in the sentence for dissuading a witness, the need to designate a principal term, and because of changes in the law underlying section 654. (*Ruiz*, *supra*, F083496, pp. 5–9.) In all other respects, the judgment was affirmed. (*Id*. at p. 9.)

After the case was remanded, the trial court imposed a new sentence on June 23, 2023. Defendant's new sentence consisted of six years for the forcible rape, which was selected as the principal term, a concurrent term of four years for the corporal injury conviction, stayed pursuant to section 654, and a full consecutive middle term of three years for dissuading a witness, which the court determined was directly related to the felony conviction for forcible rape. A notice appealing this new sentence was filed by defendant on July 3, 2023.

Following the filing of the notice of appeal, appellate counsel for defendant sent a letter to the trial court requesting the first amended felony abstract of judgment be corrected to reflect the additional days of custody credit defendant had accrued since he was initially sentenced in 2021. The trial court made that correction adding the additional days of custody credits in the second amended felony abstract on February 5, 2024.

---

[3]     All further statutory references are to the Penal Code.

[4]     A sentence for the misdemeanor battery conviction was not reflected on the original abstract of judgment because the trial court noted during the original sentencing hearing that defendant would receive credit for time served for that misdemeanor conviction. (*Ruiz*, *supra*, F083496, p. 4.)

## DISCUSSION

Having carefully reviewed the entire record, we conclude there are no arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

We briefly note that while the length of the new sentence is the same as that originally imposed in this case, we believe the technical problems raised in the first appeal were addressed properly in the second sentencing hearing by the trial court.  The actual length of the sentence was not considered an error in the original appeal.

## DISPOSITION

The judgment is affirmed.